# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nickeisha Wellington and<br>Nicholas Montiel Corte<br><br>　　　　Plaintiffs,<br>v.<br><br>Philip Duncan and<br>Jerkfish Jamaican Restaurant, LLC<br><br>　　　　Defendants | :<br>:<br>:　　CIVIL ACTION NO.<br>:<br>:<br>:　　**JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:　　August 16, 2013 |

## **COMPLAINT**

　　　　1.　　Plaintiffs Nickeisha Wellington and Nicholas Montiel Corte ("Plaintiffs") worked for Defendants in their restaurant in Hamden, Connecticut. For two weeks at the end of June 2013, they were not paid for their work. Additionally, Mr. Montiel Corte was paid less than minimum wage and was not paid overtime throughout his employment, even though he regularly worked 60 hours per week. Ms. Wellington and Mr. Montiel Corte bring this action to recover their two weeks of unpaid wages and their unpaid overtime wages, as well as liquidated damages, costs, and attorney's fees under the Fair Labor Standards Act and Connecticut statutory provisions.

## **JURISDICTION AND VENUE**

　　　　2.　　This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

3.     Venue is appropriate pursuant to 28 U.S.C. 1391(b) because the events giving rise to this claim occurred within this judicial district.

## THE PARTIES

4.     The Plaintiffs, Nickeisha Wellington and Nicholas Montiel Corte, are residents of Connecticut. At all times relevant to this complaint, Nickeisha Wellington and Nicholas Montiel Corte were employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1) and Connecticut General Statutes §§ 31-58(e), 31-71a(2), and 31-76b(3).

5.     At all times relevant to this complaint, Plaintiffs were employees engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6.     Defendant Jerkfish Jamaican Restaurant, LLC is incorporated in the state of Connecticut. At all times relevant to the Complaint, Defendant Jerkfish Jamaican Restaurant was an employer as that term is defined by the Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

7.     Defendant Philip Duncan resides at 82 Seymour St., Windsor, Connecticut. At all times relevant to this complaint, Defendant Duncan made all relevant decisions regarding payment of wages, scheduling, and work duties of the Plaintiff, and was therefore an employer as defined by the Fair Labor Standards Act, 29 U.S.C. §203(d) and Connecticut General Statutes §§ 31-58(e) and 31-71a(1).

## FACTS

8.     Ms. Wellington was hired by Defendant Duncan in May 2013 to work as a cashier at Jerkfish Jamaican Restaurant's Hamden location.

9.     Defendants agreed to pay Ms. Wellington an hourly wage of $9 upon hiring.

10. Defendants regularly refused to pay Ms. Wellington for hours she spent cleaning the restaurant after close of business. Ms. Wellington worked the closing shift on approximately 12 occasions during her employment for Defendants, working approximately one uncompensated hour on each of these shifts.

11. On or around Sunday, June 9, 2013, Ms. Wellington worked a twelve hour shift but only received pay for a seven hour shift.

12. For the two final weeks of her employment, from approximately June 16, 2013 to June 29, 2013, Ms. Wellington did not receive any compensation from Defendants. From June 16, 2013 to June 22, 2013, Ms. Wellington worked approximately 40 hours. From June 23, 2013 to June 29, 2013, Ms. Wellington worked approximately 30 hours.

13. Mr. Montiel Corte was hired by Defendant Duncan in March 2012 to work as a food preparer and dishwasher at Jerkfish Jamaican Restaurant's Hamden location.

14. Defendants agreed to pay Mr. Montiel Corte $500 per week upon hiring.

15. Mr. Montiel Corte regularly worked 60 hours per week, but did not receive any overtime pay.

16. During the last two week of his employment, from approximately June 16, 2013 to June 29, 2013, Mr. Montiel Corte worked approximately 60 hours each week as usual, but received only $120 from Defendants.

17. Both Ms. Wellington and Mr. Montiel Corte repeatedly asked Defendant Duncan for their unpaid wages, but he refused to pay them.

**COUNT ONE - FAIR LABOR STANDARDS ACT**
(Minimum Wage)
*All Plaintiffs against All Defendants*

18. By the conduct described above, Defendants violated the Plaintiffs' rights to be paid minimum wages consistent with the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

19. The Defendants' conduct as described above was in willful violation of the Plaintiffs' rights pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

20. As a result of the Defendants' unlawful conduct, the Plaintiffs have suffered a loss of compensation from employment that is due and owing to them.

**COUNT TWO - FAIR LABOR STANDARDS ACT**
(Overtime)
*Plaintiff Montiel Corte against All Defendants*

21. By the conduct described above, Defendants violated the Plaintiffs right to be paid overtime wages consistent with the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

22. The Defendants' conduct as described above was in willful violation of the Plaintiffs' rights pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

23. As a result of the Defendants' unlawful conduct, the Plaintiff has suffered a loss of compensation from employment that is due and owing to him.

**COUNT THREE - CONNECTICUT GENERAL STATUTES § 31-58,** *et seq.*
(Minimum Wage)
*All Plaintiffs against All Defendants*

24. By the conduct described above, the Defendants have denied Plaintiffs minimum wages in violation of Connecticut General Statutes § 31-60a and § 31-76c.

25. By the conduct described above, the Defendants' violations of Connecticut General Statutes were in bad faith, arbitrary, and/or unreasonable.

26. As a result of the Defendants' unlawful conduct, the Plaintiffs have suffered a loss of compensation from employment that is due and owing to them.

### COUNT THREE - CONNECTICUT GENERAL STATUTES § 31-58, *et seq.*
### (Overtime)
*Plaintiff Montiel Corte against All Defendants*

27. By the conduct described above, the Defendants have denied the Plaintiff overtime wages in violation of Connecticut General Statutes § 31-60a and § 31-76c.

28. By the conduct described above, the Defendants' violations of Connecticut General Statutes were in bad faith, arbitrary, and/or unreasonable.

29. As a result of the Defendants' unlawful conduct, the Plaintiff has suffered a loss of compensation from employment that is due and owing to him.

### COUNT FOUR – CONNECTICUT GENERAL STATUTES
### (All Wages Due C.G.S. § 31-72)

30. By the conduct described above, the Defendants have withheld wages from Plaintiffs in violation of §§ 31-71b, 31-71c, and 31-71e.

31. By the conduct described above, the Defendants' violations of Connecticut General Statutes were in bad faith, arbitrary, and/or unreasonable.

32. As a result of the Defendants' unlawful conduct, the Plaintiffs have suffered a loss of compensation from employment that is due and owing to them.

### PRAYER FOR RELIEF

**WHEREFORE** the Plaintiffs pray that the Court award them:

1. All compensation due and owing to them by the Defendants;

2. Liquidated damages in equal amount to their unpaid minimum and overtime wages, pursuant to 29 U.S.C. § 216(b);

3. Double damages for any violation of C.G.S. § 31-60 pursuant to C.G.S. § 31-68;

4. Double damages for any violation of C.G.S § 31-71a, *et seq*. pursuant to C.G.S. § 31-72;

5. Plaintiffs' costs and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and C.G.S. §§ 31-68 and 31-72;

6. Pre-judgment and post-judgment interest;

7. Compensatory and consequential damages; and

8. Such other legal or equitable relief as the Court may deem just.

                              THE PLAINTIFFS

By:   /s/_____
      James Bhandary-Alexander
      Ct28135
      New Haven Legal Assistance Assoc.
      426 State Street
      New Haven, CT 06510
      (203) 946-4811
      (203) 498-9271 fax
      Email: jbhandary-alexander@nhlegal.org
      Their Attorney


      Ruth Swift
      New Haven Legal Assistance Assoc.
      426 State Street
      New Haven, CT 06510
      (203) 946-4811
      Email: rswfit@nhegal.org
      Law Student Intern

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2013, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James Bhandary-Alexander