UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| NICKEISHA WELLINGTON and<br>NICHOLAS MONTIEL CORTE,<br>    *Plaintiffs*,<br>    *v.*<br>PHILIP DUNCAN and<br>JERKFISH JAMAICAN RESTAURANT, LLC,<br>    *Defendants*. | Civil No. 3:13cv1179 (JBA)<br><br>July 2, 2014 |
|---|---|

**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS**

Plaintiffs Nickeisha Wellington and Nicholas Montiel Corte move [Doc. # 22] for a default judgment against their employers Defendants Philip Duncan and Jerkfish Jamaican Restaurant, LLC (hereinafter "Defendants") for unpaid wages and overtime, liquated damages, costs, and attorney's fees under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 203(e)(1) and the Connecticut Minimum Wage Act (the "CMWA"), Conn. Gen. Stat. § 3131-58 *et seq.* Default was entered against both Defendants on January 10, 2104, (*see* Default Entry [Doc. ## 18, 19]), and no motion to set aside has since been filed.

Based on the facts alleged in the Complaint [Doc. # 1], which are taken as true, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), Plaintiff Wellington was hired by Defendants for their Hamden restaurant as a cashier at a wage of $9 per hour, but despite her repeated complaints to Defendant Duncan, owner and operator of the Jerkfish Jamaican Restaurant, she was not compensated for approximately eighty-seven hours she worked between May 2013 and June 2013. Plaintiff Corte was hired by Defendants as a food preparer and dishwasher and the parties agreed that he was to be paid $500 per week. Plaintiff Corte regularly worked sixty hours per week, but did not

receive any overtime pay. From June 16, 2013 through June 29, 2013, Plaintiff Corte worked approximately sixty hours per week, but received only $120 in compensation from Defendants. The minimum wage rate to which Plaintiffs were entitled was $8.25 per hour. In the absence of any contrary evidence, the Court assumes that Plaintiff Corte's $500 weekly salary applied to a forty-hour work week. Defendants maintained no required wage and hour records, posted no required Department of Labor notices, and paid wages in cash, which failed to comply with legal requirements. Despite repeated requests for outstanding wage payments, Defendants failed to pay Plaintiffs and Defendant Duncan threatened to call the police if Plaintiff Wellington continued to ask for her unpaid wages. (*See* Wellington Aff., Ex. A to Mot. [Doc. # 22] for Default Judgment; Corte Aff., Ex. B to Mot. for Default Judgment.)

Mathematical computation shows that Plaintiff Wellington was owed $577.50 in unpaid minimum wages and that Plaintiff Corte was owed $540 in unpaid minimum wages. Plaintiff Wellington is owed an additional $306 for Defendants' violation of state wage payment law. *See* Conn. Gen. Stat. §31-72. Based on the analysis laid out in Plaintiff's supporting memorandum, Plaintiff Corte was owed $24,000 in unpaid overtime wages.

Plaintiffs also seek liquidated damages under both the FLSA and the CMWA. Courts in this District are divided on the question of whether a plaintiff may recover liquidated damages under both federal and state wage statutes. *Compare Morales v. Cancun Charlie's Restaurant*, No. 3:07-cv-1836 (CFD), 2010 WL 7865081, at *9 (D. Conn. Nov. 23, 2010) ("Courts have held that plaintiffs should be able to recover liquidated damages simultaneously under the FLSA and the applicable state statute where the two statutes serve different purposes. Here, the liquidated damages provisions in the FLSA

and [the] CMWA serve different purposes—the FLSA damages are compensatory and the CMWA damages serve a punitive purpose. Accordingly [the plaintiff] should be permitted to recover under both the FLSA and [the] CMWA." (internal citations omitted)), *with Andrade v. Kwon*, 3:08cv479 (SRU), 2012 WL 3059616, at *5–6 (D. Conn. Mar. 26, 2012) ("Since the FLSA and the CMWA's liquidated damages do not serve fundamentally different purposes, plaintiff may only recover an award under one of the statutes." (internal citations and quotation marks omitted)). However, the Court need not decide the issue here, because by failing to participate in this suit, Defendants have waived any objection to Plaintiff's recovery under both statutes. *See Hernandez v. P.K.L. Corp.*, No. 12-cv-2276 (NG)(RML), 2013 WL 5129815, at *6 n.6 (E.D.N.Y. Sept. 12, 2013).

Therefore, Plaintiff Wellington is entitled to $577.50 in federal liquidated damages and $577.50 in state liquidated damages, and Plaintiff Corte is entitled to $540 in federal liquidated damages and $540 in state liquidated damages. Additionally, Plaintiff Corte is entitled to $24,000 in federal overtime liquidated damages and $24,000 in state overtime liquidated damages. This results in a total award to Plaintiff Wellington of $2,038.50 and to Plaintiff Corte of $73,620.

Attorney James Bhandary-Alexander seeks attorney's fees in the amount of $12,780 for 42.6 hours of work on this case at an hourly rate of $300 per hour. The reasonableness of this request is amply supported by counsels' affidavits (*see* Goselin Aff., Ex. F. to Mot. for Default Judgment; Wishnie Aff., Ex. G to Mot. for Default Judgment; Bhandary-Alexander Aff., Ex. H to Mot. for Default Judgment), and by Attorney Bhandary-Alexander's contemporaneously maintained billing records (*see* Billing Records, Ex. I to Mot. for Default Judgment), and the Court therefore awards Plaintiffs their attorney's fees in the amount of $12,780.

For the foregoing reasons, default judgment is entered against Defendants in the amount of $88,438.50, and the Clerk is directed to close this case.

IT IS SO ORDERED.

      /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2d day of July, 2014.